IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. YOUNG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KENNAN YOUNG, APPELLANT.

Filed May 1, 2018.    No. A-17-839.

Appeal from the District Court for Washington County: JOHN E. SAMSON, Judge. Affirmed.

David V. Drew and Kelly Henry Turner, of Drew Law Firm, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Keenan Young appeals from an order of the district court for Washington County denying his motion for a new trial following a jury trial. Young argues that his due process rights were violated due to the destruction of digital video recordings, which he argues amounted to a failure to preserve material exculpatory evidence. For the reasons set forth below, we affirm the district court's overruling of Young's motion for a new trial.

### BACKGROUND

For purposes of this appeal, we will discuss the facts salient to Young's assigned error. Young was found guilty of three of four criminal charges following a trial by jury, including third degree assault on an officer. The charges stemmed from an incident that occurred during the early morning hours of September 15, 2016. That morning, law enforcement officers from the Blair Police Department were dispatched to a physical disturbance at an apartment complex. Upon their

arrival, officers spoke with the alleged victims and learned that Young had been involved in the disturbance, but was no longer at the scene. The officers discovered Young at his residence and arrested him for disturbing the peace.

Sgt. Joshua Pfaff and Officer Sarah Smith transported Young to the Washington County Jail. When they arrived at the jail, Young was not complying with orders from the officers. The officers were able to place Young in a holding cell in the jail. While the officers were attempting to shut the door to the holding cell, Young kicked at the door three times. Young allegedly struck Sergeant Pfaff below his right knee on the third kick.

Sergeant Pfaff testified at trial that he was aware the jail facility had cameras inside each cell which may have recorded the incident, but he was informed that no recording was available. Further testimony from Deputy Justin Durrett of the Washington County Sheriff's Department confirmed that a camera existed in the holding cell which would record items from the inside. At the time of the incident, Officer Smith was wearing a functioning body camera, which recorded the interactions between Young and law enforcement. However, the body camera recording did not capture whether Young actually kicked Sergeant Pfaff below his knee as the camera did not capture video below Sergeant Pfaff's waist. This body camera recording was presented to the jury during trial.

After the State's evidence was adduced, Young made an oral motion to dismiss all of the charges against him due to a lack of evidence. Young also moved to dismiss the charges based on due process grounds arguing that the failure to preserve the video recordings from inside the holding cell amounted to destruction of material exculpatory evidence. The district court stated that a recess would need to be taken in order to hold a hearing and receive evidence on the motion. Young's counsel then withdrew that part of his motion to dismiss which was based on due process grounds.

After the motion for directed verdict, Young presented no evidence in his defense and rested. He then reasserted his motion to dismiss the assault on an officer charge based on due process grounds. The district court ordered a recess and a hearing to be held on the motion. When the district court took up the motion after the recess, Young's counsel withdrew his motion to dismiss for the second time. The court asked Young if he had discussed withdrawing the motion with his counsel, and Young stated that he had discussed and agreed to the withdrawal. The case was submitted to the jury, which returned guilty verdicts on three of the four charges.

Young filed a motion for new trial, only as to the conviction for assault on an officer, on May 12, 2017. Young alleged in his motion that the State failed to preserve material exculpatory evidence which could form the basis for exonerating him. At the hearing on the motion, the district court took judicial notice of the State's complaint, discovery stipulations and orders, and received an affidavit from Young's counsel. The evidence demonstrated that Young made discovery requests on October 12 and 26 and December 2, 2016. An email response from the Washington County Attorney's Office dated January 3, 2017, informed Young's counsel that all videos from the holding cell area are erased 30 to 45 days following the date they are recorded.

Washington County Correction Officer Jennifer Meyer testified at the hearing. Officer Meyer testified that there are two recording cameras facing the door of the holding cell where Young was placed. One camera records from inside the cell, facing the door, and the other camera

records from outside the holding cell, facing the holding cell doorway. Capt. Robert Bellamy of the Washington County Sheriff's Department also testified at the hearing. Captain Bellamy, who is also the administrator of the Washington County Jail, testified that he oversees the surveillance equipment. Captain Bellamy testified that the cameras at the jail are motion-sensor cameras and functional at all times. However, he testified that any recording captured by the cameras is only stored for 30 days and then the system begins to overwrite the recording with new video because storage is limited. Bellamy also explained that issues arose with the recording equipment in September 2016 which resulted in the jail ordering new recording equipment in October. The new equipment was installed in November. During the installation of the new system, an error caused the hard drive to erase all of the previously recorded videos. Captain Bellamy testified that the jail was unable to retrieve those videos. Captain Bellamy acknowledged that the jail could have made a copy of a video from September 15, if it had received a request to do so between September 15 and October 15, but said that no such request was ever made to his knowledge.

The district court denied Young's motion for a new trial from the bench, without a written order. Young appeals here.

## ASSIGNMENT OF ERROR

Young argues the district court erred in failing to grant his motion for a new trial because his due process rights were violated due to the destruction of digital video recordings, which he argues amounted to a failure to preserve material exculpatory evidence.

## STANDARD OF REVIEW

In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. Oliveira-Coutinho*, 291 Neb. 294, 865 N.W.2d 740 (2015).

## ANALYSIS

Young argues that the district court erred in denying his motion for a new trial because his due process rights were violated due to the destruction of digital video recordings, which he argues amounted to a failure to preserve material exculpatory evidence. Young argues that the deleted holding cell recordings are material exculpatory evidence, and therefore, he need not demonstrate that their erasure was done in bad faith. Young argues in the alternative that if it is determined that the holding cell recordings were only potentially exculpatory, that the State acted in bad faith by erasing the recordings since Young requested the recordings during discovery.

Young argues that his motion for a new trial should have been granted due to the irregularity of the proceedings and the misconduct of the State. The difficulty with Young's argument is that he had notice that the holding cell video had been erased more than 4 months in advance of trial but chose not to raise the issue at a pretrial stage. Rather, Young first raised the issue following the presentation of the State's case. Once raised, he then chose to withdraw his motion. He then reasserted it again after he rested his own case, only to withdraw it yet again prior to submission of the case to the jury. The record further demonstrates that during the presentation of the State's case he raised the issue of the absent video in cross-examination. We also note that

- 3 -

while the closing arguments were not made a part of the record, there is indication in the arguments of counsel at the hearing on the motion for new trial that counsel for Young raised the absence of the holding cell video in his closing argument before the jury. Therefore, it appears that the strategy employed by Young was to let the jury know that the agents of the State had failed to preserve what may have been important and possibly exculpatory evidence, but when that failed, assert his due process argument. It is well-established in our jurisprudence that a party is required to timely object to a perceived error by a trial court in order to preserve that issue for appeal. *State v. McSwine*, 292 Neb. 565, 873 N.W.2d 405 (2016) (citing *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011)). A party is not permitted, without objection, to take the chances of a favorable result and then, if disappointed, for the first time complain. *McSwine, supra*.

Young argues in his brief that we should consider his due process argument based on the Nebraska Supreme Court decision of *State v. Nelson*, 282 Neb. 767, 807 N.W.2d 769 (2011). Young argues that the Supreme Court determined in *Nelson* that a defendant was not required to object during trial to an alleged deprivation of a constitutional right due to destruction of evidence in order to properly raise the error in a motion for new trial. We disagree.

In *State v. Nelson*, the Supreme Court determined that the district court did not abuse its discretion in denying the defendant's motion for a new trial based on alleged newly discovered evidence. The defendant argued that he did not discover until after trial that physical evidence of Styrofoam cups and cigarette butts were destroyed prior to his trial. He claimed that those items would bear the fingerprints of two men that were responsible for placing cocaine in his rental vehicle. *Id.* The defendant argued that these items would constitute evidence that corroborated his testimony and would be exculpatory. *Id.*

The Supreme Court rejected Nelson's argument, finding that the Styrofoam cups and cigarette butts were not newly discovered evidence. The court noted that a photograph was received at trial clearly depicting the items. The court also noted that the record demonstrated that Nelson conducted pretrial discovery. The court ultimately concluded that the cups and cigarette butts were not newly discovered evidence under Neb. Rev. Stat. § 29-2101(5) (Reissue 2008). While we recognize that the Supreme Court did proceed to conduct an analysis of whether the evidence was exculpatory "even if" it was deemed newly discovered, that analysis was not necessary to the court's finding and was added apparently for the sake of completeness. Therefore, *Nelson* does not stand for the proposition that an appellate court should address the merits of a posttrial motion that could have been raised at either a pretrial stage or during trial.

The evidence offered by Young demonstrates that Young knew of the erasure of the holding cell recordings by January 3, 2017, over 4 months prior to trial. Young did not assert in his motion for new trial that the erasure of the video was newly discovered evidence and makes no such claim here. Rather, his motion claims only irregularity in the proceedings and/or misconduct by the State. He did not complain of the destruction of the recordings until the State rested its case at trial. Young attempted to benefit from the evidence of the erasures during cross-examination and later in closing argument. During trial, Young raised his motion to dismiss on due process grounds on two occasions only to withdraw it without argument on both occasions once it was clear to him that the district court intended to hold an evidentiary hearing on the objection before conclusion of the trial. Young clearly gambled on a favorable outcome from the

jury, and ultimately, did not succeed. It is clear that Young was able to pursue his desired strategy at or before trial. He may not now complain after trial having denied the trial court an opportunity to rule on his motion prior to the verdict. See *McSwine, supra*. Therefore, Young did not properly preserve his due process argument for appeal. See *id.* Consequently, we find that the district court did not abuse its discretion in denying Young's motion for a new trial.

## CONCLUSION

We find that the district court did not abuse its discretion in denying Young's motion for a new trial.

AFFIRMED.